UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONNIE L. HICKS,<br><br>                Plaintiff,<br><br>    v.<br><br>DIRECTOR OF NAVOS,<br><br>                Defendant. | CASE NO. 2:23-cv-01243-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

On August 11, 2023, Plaintiff filed a complaint seeking 42 U.S.C. § 1983 relief regarding the conditions of his confinement at Navos House. Dkt. 1. The Court reviewed the complaint and directed Plaintiff' to file an amended complaint no later than September 20, 2023, that addresses the deficiencies noted by the Court. Dkt. 5. The Court advised Plaintiff the failure to file an amended complaint by that date would result in a recommendation the case be dismissed.

Because Plaintiff has not filed an amended complaint or any other pleading, the Court recommends the case be DISMISSED without prejudice.

Plaintiff's current complaint names a single Defendant: "Director of Navos." Dkt. 4 at 3. Plaintiff alleges Defendant violated his Eighth Amendment rights to "fresh air" by "keeping him confined inside for weeks." *Id.* at 11. Plaintiff also attached two different written "1983 Civil

REPORT AND RECOMMENDATION - 1

1  Rights Complaint" one listing Mr. Hicks as the sole Plaintiff and the other listing Tamaraja

2  DeGross, Alex Galgano and Sleema Character as co-plaintiffs.

3        To sustain a § 1983 action, Plaintiff must show (1) he suffered a violation of rights

4  protected by the Constitution or created by federal statute, and (2) the violation was proximately

5  caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d

6  1418, 1420 (9th Cir. 1991).

7        Plaintiff's current complaint fails to set forth any facts that establish the Director of

8  Navos house engaged in acts that violated Plaintiff's Eighth Amendment rights, and accordingly

9  fails to state a claim upon which relief may be granted.

10        Plaintiff's current complaint also lists co-plaintiffs. Under the Court's local rules, only

11  attorneys admitted to the practice of law may represent a party. *See* Local Rules W.D. Wash GR

12  2. Plaintiff is not a lawyer and has no authority to represent persons other than himself. *See C.E.*

13  *Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987). Further, Washington

14  State law prohibits the unauthorized practice of law, which occurs, among other instances, when

15  "[a] nonlawyer practices law, or holds himself or herself out as entitled to practice law." RCW

16  2.48.180(2)(a). Because Plaintiff is not an attorney, his amended complaint may only be brought

17  on his behalf and shall not include other Plaintiffs.

18        For the foregoing reasons, the Court recommends the complaint in this case be

19  DISMISSED without prejudice.

20  **OBJECTIONS AND APPEAL**

21        This Report and Recommendation is not an appealable order. Therefore, Plaintiff should

22  not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the

23  assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 2

Objections, however, may be filed no later than **October 6, 2023.** The Clerk should note the matter for **October 6, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 22nd day of September, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3